**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FABIAN JACINTO, and DANIELA REYES | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| CERMAK PRODUCE MANAGEMENT COMPANY, CERMAK PRODUCE NO. 7, INC., and DIMITRI BOUSIS | ) ) ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Fabian Jacinto and Daniela Reyes (collectively "Plaintiffs"), for their Complaint against Defendants Cermak Produce Management Company, Cermak Produce No. 7, Inc., and Dimitri Bousis (collectively, "Defendants") state as follows:

### I. NATURE OF THE CASE

15. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA") for Defendants': 1) failure to pay Plaintiffs at the least the federally and/or state-mandated minimum wages for all time worked in violation of the FLSA, the IMWL; and 2) failure to compensate Plaintiffs and for all time worked at the rate agreed to by the Parties in violation of the IWPCA.

### II. JURISDICTION AND VENUE

16. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 15 U.S.C. §1693 *et seq*. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

### III. PARTIES

**A.** <u>Plaintiffs</u>

17. During the course of her employment, Daniela Reyes:

    a. has been an "employee" as that term is defined by the FLSA, the IWPCA, 820 ILCS 105/2 and the IMWL, 820 ILCS 115/3(d);

    b. has resided within this judicial district in Illinois; and

    c. has handled goods that have moved in interstate commerce;

18. During the course of her employment, Fabian Jacinto:

    a. has been an "employee" as that term is defined by the FLSA, the IWPCA, 820 ILCS 105/2 and the IMWL, 820 ILCS 115/3(d);

    b. has resided within this judicial district in Illinois; and

    c. has handled goods that have moved in interstate commerce;

**B.** <u>Defendants</u>

19. At all relevant times, Defendant Cermak Produce Management Company:

    a. has been a limited liability company organized under the laws of the State of Illinois;

    b. has conducted business in Illinois and within this judicial district;

    c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes;

    d. has had two or more employees who have handled goods which have moved in interstate commerce; and

    e. has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*;

20. At all relevant times, Defendant Cermak Produce No. 7, Inc.:

    a. has been a limited liability company organized under the laws of the State of Illinois;

    b. has conducted business in Illinois and within this judicial district;

    c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes;

    d. has had two or more employees who have handled goods which have moved in interstate commerce; and

    e. has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*;

21. At all relevant times, Defendant Dimitri Bousis:

    a. Has been a principal officer of Defendants;

    b. Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize payment of wages to Plaintiffs, to sign on the company's checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and employment policies and practices;

    c. Was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.; and*

    d. Resides in this judicial district.

3

## IV. FACTUAL BACKGROUND

8. Plaintiffs were employed by Defendants to work an hourly position at one of Defendants' produce stores.

9. Defendants Cermak Produce Management Company, and Cermak Produce No. 7, Inc., are commonly owned by Defendant Dimitri Bousis and operate as a unified operation along with other entities doing business as Cermak Produce.

10. Defendants Cermak Produce Management Company, and Cermak Produce No. 7, Inc., and other entities commonly owned or operated by Defendant Dimitri Bousis, doing business as Cermak Produce, have shared common human resources during the relevant time period.

11. Defendants Cermak Produce Management Company, and Cermak Produce No. 7, Inc., Dimitri Bousis, and other entities commonly owned or operated by Defendant Dimitri Bousis, doing business as Cermak Produce shared control over Plaintiffs' employment.

12. Defendants Cermak Produce Management Company, and Cermak Produce No. 7, Inc., and other entities commonly owned or operated by Defendant Dimitri Bousis, doing business as Cermak Produce were Plaintiffs' joint employers.

13. Plaintiffs has an agreement with Defendants to be paid for all time worked at an agreed upon hourly rate.

14. Plaintiffs were terminated from Defendants' employment and were not paid for their last two weeks of work for Defendants.

15. Defendants' failure to compensate Plaintiffs for their last two weeks of work resulted in violations of the minimum wage and overtime requirements of the FLSA and the IMWL.

## COUNT I
### Violation of the Fair Labor Standards Act- Minimum Wages

16. Plaintiffs incorporate and re-allege paragraphs 1 through 15 of this Complaint, as though set forth herein.

17. The matters set forth in this Count arise from Defendants' violation of the minimum wage provisions of the FLSA.

18. Defendants suffered and permitted Plaintiffs to work, and Plaintiffs did in fact perform work for Defendants during the relevant time period.

19. Defendants did not compensate Plaintiffs at least at the federal minimum wage rate for all time worked during Plaintiffs' last two weeks of work for Defendants.

20. Plaintiffs were not exempt from the minimum wage provisions of the FLSA and were entitled to be compensated at least at the federal minimum wage rate for all time worked.

21. Defendants violated the FLSA by failing to compensate Plaintiffs at least at the federal minimum wage rate for all time worked.

22. Plaintiffs are entitled to recover unpaid minimum wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. A judgment in the amount of all unpaid minimum wages;

B. Liquidated damages in the amount equal to the unpaid minimum wages;

C. That the Court declare that Defendants have violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

## COUNT II
### Violation of the Illinois Minimum Wage Law- Minimum Wages

23. Plaintiffs incorporate and re-allege paragraphs 1 through 22 of this Complaint, as though set forth herein.

24. The matters set forth in this Count arise from Defendants' violation of the minimum wage provisions of the IMWL. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

25. Defendants suffered and permitted Plaintiffs to work, and Plaintiffs did in fact perform work for Defendants during the relevant time period.

26. Defendants did not compensate Plaintiffs at least the Illinois-mandated minimum wages for all time worked during Plaintiffs' last two work weeks with Defendants.

27. Pursuant to 820 ILCS 105/4, Plaintiffs were entitled to be compensated the Illinois-mandated minimum wages for all time worked.

28. Defendants violated the IMWL by failing to compensate Plaintiffs at least the Illinois-mandated minimum wage rate for all time worked.

29. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

B. A judgment in the amount of all unpaid minimum wage as provided by the IMWL;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendant has violated the IMWL;

E. That the Court enjoin Defendants from violating the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

G. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act- Overtime Wages

30. Plaintiffs incorporate and re-allege paragraphs 1 through 29 of this Complaint, as though set forth herein.

31. The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

32. Defendants suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their last two weeks for work for Defendants.

33. Plaintiffs were not exempt from the overtime wage provisions of the FLSA and were entitled to be compensated at least at time and a half their regular rate for all time worked in excess of forty hours per week.

34. Defendants violated the FLSA by failing to compensate Plaintiffs overtime wages for all time worked in excess of forty (40) hours in a work week.

35. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs in excess of forty (40) hours in an individual work week.

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendants have violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

## COUNT IV
**Violation of the Illinois Minimum Wage Law- Overtime Wages**

36. Plaintiffs incorporate and re-allege paragraphs 1 through 35 of this Complaint, as though set forth herein.

37. The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the IMWL.

38. Defendants suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their last two weeks for work for Defendants.

39. Plaintiffs were not exempt from the overtime wage provisions of the IMWL and were entitled to be compensated at time and a half their regular rate of pay for all time worked in excess of forty hours per week.

40. Defendants violated the IMWL by failing to compensate Plaintiffs for all time worked in excess of forty (40) hours in an individual work weeks at time and a half Plaintiffs' regular rate of pay.

41. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. A judgment in the amount of all overtime wages due to Plaintiffs as provided by the IMWL;

B. Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants have violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act

42. Plaintiffs incorporate and re-alleges paragraphs 1 through 41 of this Complaint, as though set forth herein

43. This Count arises from Defendants' violation of the IWPCA for their failure to pay Plaintiffs earned wages for all time worked at the rate agreed to by the parties, described more fully in paragraphs 13-15, *supra*.

44. During the course of their employment, Plaintiffs had an agreement with Defendants to be compensated for all hours worked at the rate agreed to by the parties.

45. Defendants did not compensate Plaintiffs for all hours worked at the rate agreed to by the parties.

46. Plaintiffs were entitled to be paid for all time worked at the rate agreed to by the parties.

47. Defendants' failure to pay Plaintiffs for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due Plaintiffs as provided by the IWPCA;

B. Statutory damages as provided by the IWPCA;

C. That the Court declare that Defendants violated the IWPCA;

D. That the Court enjoin Defendants from continuing to violate the IWPCA;

E. Reasonable attorneys' fees and costs as provided by the IWPCA;

F. Such other and further relief as this Court deems appropriate and just.

Dated: July 14, 2016

Respectfully submitted,

s/Alvar Ayala
Alvar Ayala
Christopher J. Williams
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiffs' Attorneys